[No. 40356. Department One. February 13, 1969.]

STERLING WHITENER et al., *Respondents,* v. THE STATE OF WASHINGTON et al., *Petitioners.**

*Reported in 450 P.2d 964.

The *Attorney General, Delbert W. Johnson* and *John J. Champagne, Assistants,* and *Edward W. Huneke, Special Assistant,* for petitioner.

*John Moberg* and *David Williams,* for respondents.

OTT, J.†—June 2, 1958 a jury in the Superior Court for Grant County in an eminent domain proceeding awarded Sterling Whitener and Lilja Whitener, his wife, a verdict for the appropriation by the state of 12.6 acres of land found necessary for public use for the construction of certain off ramps to Primary Highway 18. November 28, 1958, based upon the jury's verdict, a formal judgment and decree of appropriation was entered which provided, *inter alia:*

Now, THEREFORE, in accordance with the verdict of the jury returned and entered herein, and the foregoing findings, and the court being fully advised,

It Is ORDERED, ADJUDGED, AND DECREED that Ten Thousand Four Hundred Fifty-two 40/100 Dollars ($10,452.40) is the total amount of compensation, including interest and costs, to be paid into the registry of the court herein by petitioner for the owners, tenants, encumbrancers, and all other persons interested therein for the appropriation and use by the said petitioner as a right of way for state public road and highway of the following described lands, real estate, premises, and other property, together with access rights including air, view and light of the abutting property to the right of way being acquired herein from said respondents in Grant County, Washington, to wit:

. . . . [Legal description of the 12.6 acres omitted]

†Judge Ott is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

334

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon payment into the registry of the above-entitled court of the sum of Ten Thousand Three Hundred and no/100 Dollars ($10,300.00), together with costs herein taxed at One Hundred Fifty-two and 40/100 Dollars ($152.40), the petitioner, the State of Washington, *shall be and become the owner in fee simple of the lands, real estate, premises and appurtenances and other property sought to be appropriated herein,* being Item No. 5, Parcel No. 12191, together with the access rights including air, view and light of the abutting property to the right of way being acquired herein from said respondents, and *shall be entitled to enter into possession thereof and to take, hold, own and at all times thereafter use and possess the same and that such payment shall be in full for the taking, condemnation and appropriation and use of the same.*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon payment of said award and judgment into the registry of the court in this cause, the clerk thereof be, and is hereby ordered and directed to satisfy said judgment and to hold such sum of money for distribution subject to the further order of this court.

. . . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the State of Washington shall maintain a fence between said farm unit and the state highway, and that said fence shall be a four strand barbed wire, the strands to be twelve inches apart, the bottom strand to be twelve inches from the ground, the fence to be fifty inches high, steel posts 14 feet apart and that the State of Washington shall be liable for the maintenance of said fence.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the State of Washington shall provide a drainage ditch, maximum width of 24 feet and minimum width of 12 feet at the top, varying in depth from two to four feet, located approximately parallel with the northerly right of way line of PSH No. 18 within the right-of-way as the right-of-way abuts [*sic*] the southern boundary of the respondents' property. (Italics ours.)

Shortly after entry of the judgment, the state paid into the court's registry the sum of $10,452.40, which was thereafter disbursed to the Whiteners. The highway has since been opened and used by the public for nearly 9 years.

November 17, 1967, Sterling Whitener and his wife commenced an action against the state of Washington in Grant County, alleging *inter alia* that (1) the state had not constructed the drainage ditch as required in the decree of appropriation, (2) therefore part of the consideration for the appropriation had not been paid, and (3) title to the 12.6 acres of land should therefore be quieted in the plaintiffs. The complaint alleged a second cause of action for damages in the sum of $300,000 due to the lost use of the 12.6 acres in question and damage to adjacent farm lands resulting from the state's unlawful construction of the highway. The state answered the first cause of action contending that title to the land in question vested in the state on or about March 28, 1959. It answered the second cause contending the Grant County court lacked jurisdiction to resolve the issue of damages because of the provisions of RCW 4.92.010, requiring such actions to be commenced in Thurston County. The Whiteners moved for summary judgment supported by affidavits and exhibits. The state likewise moved for summary judgment of dismissal supported by affidavits and exhibits. May 3, 1968, the court granted Whiteners' motion for summary judgment and quieted in them title to the 12.6 acres and reserved jurisdiction to resolve the issue of damages at a later trial.

May 24, 1968 this court granted a restraining order preventing the Whiteners, pendente lite, from interfering in any manner with the movement of traffic on that portion of Public Highway 18 involved in this proceeding. July 17, 1968 we granted a writ of certiorari to review the efficacy of the trial court's judgment entered May 3, 1968. The cause was heard before this court on October 14, 1968. The state's principal assignment of error was that "[t]he trial court erred in accepting jurisdiction of this action and granting plaintiff's motion for summary judgment."

The facts are not in dispute and are substantially as above indicated. We are here concerned with whether the decree of appropriation required the construction of the ditch to be accomplished before title to the 12.6 acres passed to the state. The decree, set out above, provided

that when the $10,452.40 was deposited by the state into the registry of the court for the Whiteners that, "the petitioner, the State of Washington, shall be and become the owner in fee simple of the lands . . . sought to be appropriated herein . . . ."

It is conceded that the state deposited the money into the registry of the court, and the sum thus deposited was disbursed to the Whiteners. The state immediately entered into possession and exercised dominion and ownership over the property as against the Whiteners and all others.

The decree expressly recited that "in accordance with the verdict of the jury" title was to vest in the state upon payment of $10,452.40. When the decree was prepared and presented to the court for signature, except for the payment of money, none of the conditions requiring future performance by the state (except for one not here material) were interpreted by the parties or by the court as conditions precedent to the passage of title.

Among the other conditions of the decree providing for future performance was one requiring the state to maintain a fence between the highway and the Whiteners' farm unit. If this provision was to be interpreted as a condition precedent to the passage of title, as respondents contend, title would never vest in the state unless the state was later relieved of this responsibility. The future performance provisions were not mentioned in that portion of the decree which provided that title to the 12.6 acres would vest in the state upon payment of $10,452.40 into court for the Whiteners. There can be no other reasonable interpretation of the decree than that title to the property vested in the state when the cash award was deposited into court and subsequently withdrawn by the Whiteners. We conclude that the additional provisions were conditions subsequent, the nonperformance of which would give rise to an action in damages but would not prevent the passage of title.

The state concedes that for failure to perform these conditions timely, a cause of action for damages may exist, but in Thurston County only. It contends that the Grant County court had no jurisdiction because an action for damages

against the state must be instituted in Thurston County, as provided by RCW 4.92.010. The cited statute provides in part:

Any person or corporation having any claim against the state of Washington shall have a right of action against the state in the superior court of Thurston county. . . . *Provided,* That actions . . . to determine or quiet title to, any real property in which the state of Washington is a necessary or proper party defendant may be commenced and prosecuted to judgment against the state in the superior court of the county in which real property is situated . . . .

With regard to jurisdiction in general, RCW 4.12.010 provides in part:

Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:

(1) . . . for the determination of all questions affecting the title, or for any injuries to real property.

By virtue of both statutes, the Grant County court had jurisdiction to hear the quieting title action in the instant case.

The Whiteners' second cause of action, alleging damages, was predicated upon (1) lost use of the 12.6 acres wrongfully taken and (2) water damage to adjacent farm land resulting from failure to construct a drainage ditch in accordance with the decree. We have previously disposed of the first element of damages involving the question of title to the 12.6 acres. The second element of damages resulting from nonperformance of a condition subsequent in the decree was incident to and arose out of the same transaction which gave rise to the action to quiet title. It was not the legislature's intention in fixing the forum in which the state may be sued to require a citizen to commence a quiet title action in the county in which the land is situated and to require him to institute another action in Thurston County to recover damages arising incident to the quiet title action. *Lefevre v. Washington Monument & Cut Stone Co.,* 195 Wash. 537, 81 P.2d 819 (1938). In the instant case the two causes of action were predicated

upon the state's failure to construct a drainage ditch as provided in the decree of appropriation. It was alleged that this failure both prevented the passage of title and caused the damage of which the Whiteners complain. We hold that the two separate causes of action were properly joined, and when the Grant County court acquired jurisdiction to hear the quiet title action, it also acquired jurisdiction to hear the second cause of action incident thereto.

The judgment of the Superior Court for Grant County in Sterling Whitener and Lilja Whitener v. State, Cause No. 17978, quieting title to the land in question in the Whiteners is reversed, and the cause remanded with instructions to enter a decree quieting title thereto in the state of Washington. The court's retention of jurisdiction to determine damages upon complainants' second cause of action is affirmed.

FINLEY, WEAVER, and HALE, JJ., concur.

NEILL, J. (concurring)—I concur as it appears from the record that plaintiffs' second claim for relief is incidental to their first claim and that the first claim is not frivolous nor was it included solely to circumvent the requirements of RCW 4.92.010. See Justice Hamilton's opinion in *Deaconess Hosp. v. State Highway Comm'n*, 66 Wn.2d 378, 383, 403 P.2d 54 (1965).

April 7, 1969. Petition for rehearing denied.